# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Case No. 08-CR-20047** |
| ) | |
| **MONTRELL MILLER,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

This case is before the court for ruling on Defendant's Motion in Limine Regarding Prior Bad Acts Pursuant to Rule 404(b) (#10). The Government has responded to Defendant's arguments in its Response to Defendant's Motion in Limine to Bar Evidence (#11). Although given the opportunity to do so, Defendant has notified this court that he will not be filing a Reply (#12). This court has carefully reviewed the arguments presented by the parties. Following this careful and thorough review, Defendant's Motion in Limine (#10) is GRANTED in part and DENIED in part.

## BACKGROUND

On September 10, 2008, Defendant, Montrell L. Miller, was charged by indictment (#1) with one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). The charge is based on law enforcement officers finding a Marlin, Model 99, .22 caliber rifle during the execution of a search warrant on July 17, 2008, at a residence where Defendant was present. Defendant has pleaded not guilty. According to the Government, the main contested issue at trial will be whether Defendant knowingly possessed the rifle.

On December 18, 2008, Defendant filed a Combined Motion in Limine and Memorandum of Law Regarding Prior Bad Acts Pursuant to Rule 404(b) (#10). Defendant stated that the Government has disclosed that it intends to introduce Rule 404(b) evidence at trial, namely evidence

regarding Defendant's involvement in the distribution of cocaine base from the residence at 715 East Wyman in Hoopeston, Illinois, the residence where the firearm was found. Defendant argued that this evidence should not be admitted under Rule 404(b) of the Federal Rules of Evidence because any probative value this evidence may have is far outweighed by its prejudicial effect. Defendant also argued that evidence of his prior convictions should not be admitted at trial because it would allow the jury to improperly infer a propensity on the part of Defendant to commit the crime charged.

Defendant asked this court to enter an Order prohibiting the Government from introducing Defendant's prior bad acts or prior convictions into evidence at trial. Defendant also asked, in the alternative, that this court provide a limiting instruction to the jury limiting its consideration of such evidence to one of the permitted uses under Rule 404(b).

On January 27, 2009, the Government filed its Response (#11). The Government stated that it intends to present evidence at trial of Defendant's drug distribution activity to establish a motive for Defendant's possession of the gun, as well as his knowledge. The Government stated that the state court judge who issued the search warrant that resulted in the seizure of the firearm found probable cause to believe illegal drugs would be at the residence based on recent prior sales a crack cocaine from the residence, including a prior sale made by Defendant. During the search, agents found evidence of drug trafficking in addition to the firearm, including approximately 2.8 grams of marijuana, a digital scale with cocaine residue, and a small plastic bag with cocaine residue. The Government stated that a resident of the premises has already testified under oath that Defendant had been selling crack cocaine from the premises and used the digital scale to weigh the crack cocaine. The Government stated that it intends to introduce the drug trafficking evidence because guns are "tools of the trade" of drug trafficking, Defendant's drug trafficking provides a motive for

2

possession of the firearm, and Defendant's possession of other items within the residence tends to establish his knowing possession of the firearm within the residence.

The Government also stated that Defendant has three prior felony convictions: robbery on April 11, 2000, in Cook County; armed robbery and compelling organization membership on October 23, 3001, in Cook County; and possession of 30 to 500 grams of cannabis on January 23, 2003, in Iroquois County. The Government stated that, as an element of the offense charged, it is required to prove that Defendant had at least one prior felony conviction as of July 17, 2008. The Government stated that, typically, it would prove this element by presenting into evidence certified copies of Defendant's prior convictions. The Government said it had no intent to offer Defendant's prior convictions as evidence in its case-in-chief for any other reason. It further stated that if, as anticipated, Defendant agrees to stipulate pursuant to <u>Old Chief v. United States</u>, 519 U.S. 172 (1997), that, prior to July 17, 2008, he had been convicted of a crime that was punishable by a term of imprisonment of more than one year, it would not offer any additional evidence of Defendant's prior felony convictions in its case-in-chief. The Government stated, however, that if Defendant exercises his right to testify, the Government intends to impeach his testimony pursuant to Rule 609 of the Federal Rules of Evidence by offering evidence that Defendant was convicted of three prior felony convictions.

ANALYSIS

DRUG DISTRIBUTION ACTIVITY

The Government has argued that it should be allowed to introduce evidence regarding Defendant's prior drug distribution activity under Rule 404(b) because the evidence is not being introduced to show propensity but instead is relevant to the contested issues of Defendant's motive and knowledge.

Rule 404(b) allows the admission of prior bad acts, in the discretion of the trial judge, to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." United States v. Hurn, 496 F.3d 784, 787 (7th Cir. 2007), quoting Fed. R. Evid. 404(b); see also United States v. Taylor, 522 F.3d 731, 732-33 (7th Cir. 2008). A four-part standard governs the admissibility of evidence under Rule 404(b):

> (1) the evidence [must be] directed toward a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence [must] show[] that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence [must be] sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence [must] not [be] substantially outweighed by the danger of unfair prejudice.

United States v. Chavis, 429 F.3d 662, 667 (7th Cir. 2005), quoting United States v. Best, 250 F.3d 1084, 1090-91 (7th Cir. 2001).

The Government argues that the first factor is met because the evidence tends to prove motive and knowledge, not propensity. The Government argues that where, as here, Defendant denies knowing possession of the firearm, it must be proved by Defendant's conduct and all the facts and circumstances surrounding the case. The Government contends that the proffered other acts relating to Defendant's drug trafficking activities from the same residence where the rifle was recovered tends to establish both his motive for possession of the firearm and his knowing possession of the firearm.

This court agrees. In United States v. Harris, 536 F.3d 798 (7th Cir. 2008), the Seventh

4

Circuit recently held that a district court did not abuse its discretion when it allowed testimony regarding the defendant's prior drug transactions under Rule 404(b).  Harris, 536 F.3d at 810.  The court determined that this evidence was relevant to prove the defendant's knowledge of the drugs and firearms recovered and also helped establish the defendant's motive to possess the gun.  Harris, 536 F.3d at 810.   In fact, the Seventh Circuit has consistently affirmed the admission of contemporaneous uncharged drug activity in illegal firearm possession cases to show motive and knowing possession.  See United States v. Lott, 442 F.3d 981, 985 (7th Cir. 2006); United States v. Murray, 89 F.3d 459, 463 (7th Cir. 1996); United States v. Taylor, 728 F.2d 864, 872 (7th Cir. 1984). The Seventh Circuit has stated that "drug trafficking supplies a motive for having [a] gun . . . [b]ecause weapons are 'tools of the trade' of drug dealers."  United States v. Strong, 485 F.3d 985, 990 (7th Cir. 2007), quoting United States v. Stokes, 211 F.3d 1039, 1042 (7th Cir. 2000).

This court also agrees that the second factor is met.  The Government has stated that all of the evidence it intends to introduce regarding Defendant's drug trafficking activities occurred within weeks, or contemporaneously, with Defendant's possession of the rifle.  Therefore, the evidence is close enough in time to be relevant to knowledge.  Also, where the evidence is offered for the specific purpose of motive, similarity is not an issue.  See United States v. Lloyd, 71 F.3d 1256, 1264 (7th Cir. 1995).

According to the Government, it will be presenting direct eyewitness testimony of Defendant's drug trafficking activity.  Therefore, this court concludes that there is sufficient evidence to support a jury finding that Defendant committed the challenged acts so the third factor is met.

This court also agrees with the Government that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.  In Harris, the Seventh Circuit stated:

> [T]he substantial probative value of the testimony from [the witnesses
>
> about drug deals] on the issues of intent, absence of mistake,
>
> knowledge, motive, and opportunity greatly outweighed any potential
>
> unfair prejudice, especially in light of the district court's time-frame
>
> limitation and diligent, unopposed limiting instructions.

Harris, 536 F.3d at 810.

This court concludes that a similar finding is appropriate here.  The evidence the Government intends to present is probative on the issues of motive and knowledge and is related to the same time frame as the crime charged.  Moreover, this court intends to provide the jury with a limiting instruction that the evidence can only be considered on the issues of motive and knowledge. Accordingly, this court concludes that the probative value of the evidence the Government intends to present on the issues of motive and knowledge greatly outweighs any potential unfair prejudice

Because this court has concluded that the Government has shown that the proposed evidence is admissible under Rule 404(b) based upon the Seventh Circuit's four-part test, this court concludes that the portion of Defendant's Motion in Limine (#10) which requested an order barring the Government from introducing evidence of Defendant's involvement in drug distribution activity must be denied.  This court will, however, grant Defendant's alternative request for a limiting instruction.

### PRIOR CONVICTIONS

 Defendant also requested an order barring the Government from introducing evidence regarding Defendant's prior convictions.  The Government, in its Response, has stated that it will not introduce this evidence during its case-in-chief except to establish that Defendant was convicted of a felony offense, which is an element of the crime charged.  The Government also stated that, if

6

Defendant exercises his right to testify at trial, it intends to impeach him with his three prior felony convictions.

Rule 609(a)(1) provides that evidence that the accused has been convicted of a crime punishable by more than one year of imprisonment shall be admitted for impeachment purposes if the court determines that the "probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed R. Evid. 609(a)(1). In addition, a crime more than 10 years old is generally not admissible. See Fed. R. Evid. 609(b). The Seventh Circuit has articulated a five-part test to guide the district court in determining whether the probative value of a conviction outweighs its prejudicial effect. United States v. Montgomery, 390 F.3d 1013, 1015 (7th Cir. 2004). The court should consider: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." Montgomery, 390 F.3d at 1015.

In this case, all three of Defendant's prior convictions are less than 10 years old and have impeachment value as to the issue of Defendant's credibility. See Montgomery, 390 F.3d at 1015-16. Following consideration of the relevant factors, this court agrees with the Government that, because prior felony convictions have impeachment value as to the issue of Defendant's credibility, some evidence of his prior felony convictions should be allowed if Defendant testifies. This court concludes, however, that evidence of two of Defendant's felony convictions will be adequate for impeachment purposes. The Government has argued that Defendant's two robbery convictions are highly probative on the issue of Defendant's credibility. See United States v. Nururdin, 8 F.3d 1187, 1192 (7th Cir. 1993). Therefore, if Defendant testifies, the Government will be allowed to impeach him with evidence of his two robbery convictions. This court will provide a limiting instruction to

the jury that it should consider the evidence only in assessing Defendant's credibility.  <u>See</u> Federal Criminal Jury Instructions of the Seventh Circuit, No. 3.05.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion in Limine Regarding Prior Bad Acts Pursuant to Rule 404(b) (#10) is DENIED in part and GRANTED in part.

(2) Defendant's request that the Government not present evidence regarding prior drug distribution activity is DENIED.  This court will, however, GRANT Defendant's alternative request and provide a limiting instruction to the jury that the evidence of Defendant's drug activities can be considered only as to the issues of motive and knowledge.

(3) Defendant's request that the Government not present evidence of his prior convictions under Rule 404(b) is GRANTED.  In fact, the Government stated that it does not intend to present this evidence during its case-in-chief except to establish that Defendant has been convicted of a felony, which is an element of the offense charged.  This will certainly be allowed.  This court will also allow the Government to impeach Defendant with two of his prior convictions if he exercises his right to testify at trial.

(4)  This case remains scheduled for status conference on March 31, 2009, at 11:00 a.m.

ENTERED this 23rd day of February, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE

8